Nikolas Salopolous, Administrator, Appellee, *v.* Tom Chamales, Appellant.

### Gen. No. 14,643.

VERDICTS—*when set aside.* A verdict will be set aside on review where clearly and manifestly against the evidence.

*Assumpsit.* Appeal from the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed November 8, 1909. Rehearing denied November 22, 1909.

WEISSENBACH & MELOAN, for appellant.

WHITMAN & HORNER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action of *assumpsit* by appellee as administrator of the estate of Mike Drapanes, deceased, against appellant, plaintiff had judgment for $1738, and the defendant appealed. The declaration consists of the common counts with an affidavit that there was due to plaintiff from defendant $1800. Defendant filed June 21, 1907, a plea of *non-assumpsit* with an affidavit of defense to all of plaintiff's claim except $738. Mike Drapanes, the intestate, and the defendant came from the same place in Greece, and were friends there and in Chicago. Drapanes died in Chicago in July, 1898, while the defendant was on a visit to Greece.

The contention of plaintiff was that when defendant left Chicago he owed Drapanes $1800, and the contention of defendant was that he then owed him but $800. It was admitted that defendant was entitled to a credit of $68 for money paid by him while in Greece to the father of the intestate at his request.

In the bill of exceptions is a statement that page 73 of a certain book kept by plaintiff's intestate was introduced in evidence, but the page is not in the bill of exceptions. The book was kept in Greek, and there is no translation of the entries sought to be introduced, in the bill of exceptions, except testimony that on the page referred to was the name "Chamales," and before it the Greek letter "theta." It appears from the testimony that the letter "theta" stands for "Theodore," and that the defendant's Christian name, in Greek, is Theodore.

If it be admitted that the page in question was introduced in evidence, it could not, without a translation, have been considered by the jury or influenced them in arriving at a verdict.

Excluding from our consideration the evidence relating to the book, and the evidence for the plaintiff consists of the testimony of Vretos and Charles

Drapanes as to conversations with the defendant soon after the death of the intestate and nine years before the trial. Vretos when asked to state the conversation, said, "I can't a little clear English you know," and the testimony shows that his knowledge of English was very limited. The substance of his testimony was that defendant said that he owed Mike Drapanes only $800; that he had $1800 from him, but he had given him before $1000. Charles Drapanes was asked, in chief, "Did Tom (the defendant) say anything as to whether he owed Mike any money or not?" and answered, "He says, $800, not $1800 but $800." Defendant testified that when it was stated to him that he owed Mike Drapanes $1800 he said, "I do not. I owe $800;" that he said that Mike Drapanes gave him $500 and $300 a short time before defendant went to Greece, and that Drapanes had paid to defendant $1000 which he owed him about four weeks before that time. By agreement of the parties defendant was permitted to testify in his own behalf as to transactions occurring in the lifetime of Mike Drapanes, and testified that he loaned Drapanes $1500; that he paid defendant $500, and three or four weeks before defendant went to Greece Drapanes gave him the other $1000 that he owed him; that afterwards Drapanes gave defendant $500 and $300.

The statement of defendant testified to by Vretos, that he had from Drapanes $1800 was accompanied with the declaration that $1000 of said sum was in payment of money advanced by defendant to Drapanes. The admission was accompanied with a declaration which was an answer to the admission so far as the latter related to $1000 of the $1800 he admitted he received of Drapanes. The declaration, which was an answer to the admission, was not in itself unreasonable or improbable, nor was there anything in the nature of the transaction or in the evidence tending to impeach such declaration. The declaration was cor-

roborated by the testimony of the defendant as to the transactions between himself and Drapanes.

We think that the evidence is not sufficient to warrant a verdict for $1738, and that the court erred in denying defendant's motion for a new trial.

The judgment of the Municipal Court will be reversed and the cause remanded.

*Reversed and remanded.*